UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF
FLORIDA, TAMPA DIVISION

Juan Rodriguez,
    Plaintiff(s)

v.

Velsan, Inc. d/b/a La Flor De Espana
Bakery and Restaurant,
    Defendant(s)

Case No: 8:16-cv-2752-T-36TGW

### JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE AND MEMORANDUM OF LAW

Plaintiff(s), Juan Rodriguez, and Defendant(s), Velsan, Inc. d/b/a La Flor De Espana Bakery and Restaurant, hereby jointly move for approval of their settlement agreement in this matter and for voluntary dismissal of this case with prejudice.

1. Plaintiff worked for Defendant as an assistant manager.

2. Plaintiff filed a Complaint on September 30, 2016, alleging that Defendant violated the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. ("FLSA"), by failing to pay him overtime compensation at one and half times his regular hourly rate.

3. Defendant asserted that Plaintiff was properly compensated for all hours worked during his employment, was properly classified as exempt from the overtime provisions of the FLSA, and did not work overtime and, therefore, is not entitled to any overtime wages under the FLSA.

4. Notwithstanding the factual and legal defenses that Defendant believes are applicable in this matter, Defendant determined that it prefers to amicably conclude the litigation, while taking into account the cost and time associated with the ongoing defense of this case. Additionally, Defendant has taken into account the uncertainty and risks inherent in any litigation.

1

5. Plaintiff likewise determined that he preferred to amicably resolve his claim for the amount Defendants provided him rather than proceed with this litigation, taking into account the uncertainty and risk of litigation, and the difficulties inherent in proof of his claims.

6. Counsel for the parties engaged in substantive settlement discussions regarding Plaintiff's FLSA claim. The parties reached an agreement to resolve the FLSA claim made by Plaintiff.

7. After a full review of the facts and information, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the Settlement Agreement, Exhibit A, represent a fair, reasonable, and just compromise of the disputed issues.

8. Taking into consideration Plaintiff's claims and Defendant's defenses, the Parties have reached a fair compromise of a $7,000.00 recovery for Plaintiff.

9. Additionally, the parties have agreed that Defendant will pay Plaintiff's counsel $5,000.00 in attorneys' fees and costs. Importantly, Plaintiff's attorneys' fees and costs were negotiated separately and without regard to the amounts paid to Plaintiff.

10. The proposed settlement of $7,000 is a reasonable compromise. Plaintiff's original demand was for $20,000, plus fees and costs. However, this demand was made without the benefit of any exchange of discovery or other information. There are substantial disputed matters, including disputes about hours worked and whether Plaintiff was properly classified as exempt. While neither party admits any weakness in its position, both parties agree that the proposed settlement amount is a reasonable compromise.

11. In addition, by separate agreement, the parties have agreed to settle additional claims not raised in this lawsuit. The Parties represent that:

    a. The additional claims were resolved for separate consideration.

    b. Plaintiff's counsel will receive no additional compensation for resolving the separate additional claims.

    c. The separate agreement does not include a waiver or release of FLSA claims.

    d. The separate agreement does not require any payment by Plaintiff of any of the funds received pursuant to the attached FLSA Settlement Agreement.

12. The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to evaluate the parties' claims and defenses and make recommendations regarding the resolution of Plaintiff's FLSA claim in this matter.

## Memorandum of Law

In agreeing upon their settlement reached herein, the parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. See 29 U.S.C. §216(c); <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to <u>Lynn's Food</u>, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution

of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. See, e.g., Gruendner v. Douce France Bakery, Inc., 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); Lalog v. Hilton Resorts Corp., 2011 WL 1659383, *1 (M.D. Fla. Apr. 4. 2012).

At all times material hereto, Plaintiff and Defendants were represented by counsel experienced in litigating FLSA claims. Both the terms and conditions of the parties' settlement agreement and the settlement amount were the subject of arms-length negotiations between counsels. The settlement amount was based on information learned through the exchange of Plaintiff's statement of claim, pay records, and time records. The parties, therefore, respectfully submit that that the agreement they have entered into represents a reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of Lynn's Food. See, e.g., Fernandez v. A-1 Duran Roofing, Inc., 2013 WL 684736, *2 (S.D. Fla. Feb. 25. 2013) (approving settlement where parties were represented by counsel).

The attorney's fees and costs that the Parties agreed upon for Plaintiff's counsel were negotiated separately from the settlement sums paid to Plaintiff. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the

4

settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Accordingly, the Court should approve the settlement as a fair resolution of a bona fide dispute.

WHEREFORE, the parties request that the Settlement Agreement attached as Exhibit A be approved, and that this cause be dismissed with prejudice.

Dated: 3/30/2017

_____
J. Kemp Brinson
Fla. Bar No. 752541
The Brinson Firm
PO Box 582
Winter Haven, FL 33882
(863)288-0234
KBrinson@BrinsonFirm.com
Trial Counsel for Defendant

and


/s/ Luis A. Cabassa
Luis A. Cabassa
Fla Bar No. 53643
Brandon Hill
Fla Bar No. 37061
Wenzel Fenton Cabassa, PA
1110 N. Florida Ave. Suite 300
Tampa, FL 33602
Phone: (813) 224-0431
Fax: (813) 229-8712

5

>lcabassa@wfclaw.com
>twells@wfclaw.com
>bhill@wfclaw.com
>Trial Counsel for Plaintiff

**Certificate of Service**

    I hereby certify that on March 30, 2017, this document was filed using the CM/ECF system, which will automatically forward a copy to all CM/ECF participants, including Luis Cabassa, Esq., counsel for Plaintiff.

>_____
>J. Kemp Brinson
>Fla. Bar No. 752541
>The Brinson Firm
>PO Box 582
>Winter Haven, FL 33882
>(863)288-0234
>KBrinson@BrinsonFirm.com
>Trial Counsel for Defendant